**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | |
|---|---|
| **A & G COAL CORPORATION** | ) |
| **and** | ) |
| **MEG-LYNN LAND COMPANY, INC.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **INTEGRITY COAL SALES, INC.** | )     **Civil Action No. _____** |
| | ) |
| **Serve: Gregory F. Licata, President** | ) |
| **Integrity Coal Sales, Inc.** | ) |
| **905 Marconi Avenue** | ) |
| **Ronkonkoma, NY 11779** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiffs A & G COAL CORPORATION and MEG-LYNN LAND COMPANY, INC. (collectively, "Plaintiffs" or "A & G"), by counsel, bring this action against Defendant INTEGRITY COAL SALES, INC. ("Defendant" or "ICS") for declaratory judgment pursuant to 28 U.S.C. §§ 2202 and 2202, and request that the Court enter judgment against Defendant ICS and in favor of Plaintiffs as hereinafter set forth.

## PARTIES

1.     Plaintiff A & G is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Wise, Virginia.  At all times relevant hereto, A & G was engaged in the business of holding coal mineral leases and coal mining permits, and mining and selling coal.

2.     Plaintiff Meg-Lynn Land Company, Inc. ("Meg-Lynn") is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business

in Wise, Virginia. At all times relevant hereto, Meg-Lynn was engaged in the business of holding coal mining permits, and mining and selling coal.

3.     Defendant ICS is a corporation organized under the laws of the State of New York, with its principal place of business in Ronkonkoma, New York. At all times relevant hereto, ICS was engaged in the business of brokering the purchase and sale of coal.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this complaint under 28 U.S.C. § 1332(a), in that the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Venue is properly laid in this judicial district under 28 U.S.C. § 1391(a) and (c), because Defendant ICS does business in and is subject to personal jurisdiction in the Western District of Virginia, and therefore resides in this judicial district for venue purposes, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

6.     On or about December 28, 2006, and later revised January 19, 2007, ICS issued a Coal Purchase Order (Revised), Order No. 10774, to Meg-Lynn for the purchase of 120,000 net tons of a certain quality coal for a set price (hereafter, "2007 Purchase Order"). The "Schedule" set forth in the 2007 Purchase Order is "January – December, 2007." A copy of the 2007 Purchase Order is attached hereto as **Exhibit A.**

7.     For the period from January through December, 2007, ICS ordered and Meg-Lynn delivered 58,008.85 actual tons of coal under the 2007 Purchase Order.

8.     Upon information and belief, ICS ordered similar quality coal at a lower price from third parties during the Schedule period of the 2007 Purchase Order even though it did not provide Meg-Lynn orders during the Schedule for 120,000 net tons of coal.  Upon information and belief, ICS made such third party purchases because it was more profitable to ICS to do so, rather than order shipments of coal under the 2007 Purchase Order.

9.     By its terms, the 2007 Purchase Order terminated on December 31, 2007, if ICS had not ordered and scheduled for shipment 120,000 tons of coal by that date.

10.     On or about September 24, 2007, ICS issued a Coal Purchase Order, Order No. 10906, to Meg-Lynn and A & G for the purchase of 100,000 net tons of coal (hereafter, "2008 Purchase Order").  The 2008 Purchase Order requested the same quality coal as the 2007 Purchase Order, but at a higher price.  A copy of the 2008 Purchase Order is attached hereto and incorporated herein as **Exhibit B.**

11.     The 2008 Purchase Order incorporated General Terms and Conditions.  The 2008 Purchase Order, including the General Terms and Conditions, was drafted in its entirety by ICS.

12.     The General Terms and Conditions incorporated into the 2008 Purchase Order contained the following paragraph II:

> a.   Commencement of deliveries by Seller [A & G and Meg-Lynn] to Buyer [ICS] constitute acceptance of all terms of this Agreement.

Under this language, delivery of coal by A & G or Meg-Lynn was a condition precedent for the 2008 Purchase Agreement to take effect.

13.     Neither A & G nor Meg-Lynn have delivered any shipments of coal to ICS under the terms of the 2008 Purchase Order.

14.     In addition, the Schedule set forth in the 2008 Purchase Order was "January 2008 - December 2008."  The Schedule further noted that "This P.O. commences immediately or upon

the completion of the prior P.O. which is Purchase Order No. 10774 dated December 28, 2006." Under this language, the 2008 Purchase Order took effect only upon completion of the 2007 Purchase Order.

15.     From September 24, 2007 through December 28, 2007, ICS ordered and A&G and Meg-Lynn shipped coal pursuant to the 2007 Purchase Order.  No coal was ordered or shipped pursuant to the 2008 Purchase Order.

16.     ICS did order coal from A & G and Meg-Lynn in January and February 2008 which was shipped, accepted and paid for under terms which differed from the 2008 Purchase Order.  Such orders included an order for 3,000 tons of coal identical to that which was the subject of the 2008 Purchase Order, but at a price which was higher than that listed in the 2008 Purchase Order.  The 3,000 ton order is set forth in a purchase order dated January 24, 2008, which is attached hereto and incorporated herein as **Exhibit C.**

17.     As the 2007 Purchase Order terminated on December 31, 2007 by its terms, none of the 2008 orders and shipments were governed by the 2007 Purchase Order.

18.     By letter dated February 20, 2008, A & G and Meg-Lynn advised ICS that it had violated the terms of its 2007 Purchase Order by repeatedly failing to make payment in a timely fashion pursuant to the terms of the purchase order, and that ICS had failed to order coal in certain months in 2007, and that the 2007 Purchase Order terminated by its terms on December 31, 2007.  A copy of this letter is attached hereto and incorporated herein as **Exhibit D.**

19.     Following A & G's letter, ICS has insisted that it is entitled to the shipment and delivery of coal pursuant to the 2007 Purchase Order and the 2008 Purchase Order. ICS has issued repeated demands for coal to Plaintiffs.  By facsimile dated September 12, 2008, ICS sent a demand letter to Plaintiffs which set forth "[insert amount]" (sic) as its estimated losses.  A

copy of the letter is attached hereto and incorporated herein as **Exhibit E.** By facsimile dated September 15, 2008, ICS sent its latest demand letter to Plaintiffs demanding $8,524,800 in losses. A copy of this letter is attached hereto and incorporated herein as **Exhibit F.** Plaintiffs have rejected these demands.

## COUNT I -- DECLARATORY JUDGMENT

20. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. A & G and Meg-Lynn have communicated with ICS about the matters and allegations as set forth herein. ICS has rejected A & G and Meg-Lynn's attempts to resolve the matter and continue to demand that A & G and Meg-Lynn provide it coal under the 2008 Purchase Order.

22. Plaintiffs take the position that they have no obligation to ICS under the 2008 Purchase Order because of the failure of the following conditions precedent: (1) Plaintiffs have not delivered coal under the 2008 Purchase Order, pursuant to Paragraph II of the General Terms and Conditions, thereby acknowledging their acceptance of the purchase order; and (2) the 2007 Purchase Order was never "completed," and cannot be completed as it terminated by its terms on December 31, 2007.

23. ICS rejects each of the positions taken by A & G and Meg-Lynn, and continues to demand that A & G and Meg-Lynn perform under the 2008 Purchase Order.

24. There is, therefore, an actual, justiciable controversy, and an antagonistic assertion and denial of legal rights, between Plaintiffs and Defendant. Plaintiffs are without an adequate remedy at law.

25. Plaintiffs therefore request that the Court, pursuant to 28 U.S.C. §§ 2201 and 2202, conduct a trial and declare the respective rights and legal relations of the parties herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs A & G COAL CORPORATION and MEG-LYNN LAND COMPANY pray that they have judgment against the Defendant INTEGRITY COAL SALES, INC. as follows:

A. That the Court declare the rights, duties, obligations and interests of the parties under the 2008 Purchase Order as follows:

(1) that Plaintiffs' delivery of coal under the 2008 Purchase Order was a condition precedent for Plaintiffs' acceptance of the purchase order and for it to take effect; and

(2) that the "completion" of the 2007 Purchase Order prior to its termination was a condition precedent to any obligation of the Plaintiffs to make coal deliveries under the 2008 Purchase Order; and

(3) that Plaintiffs made no deliveries of coal under the 2008 Purchase Order;

(4) that the 2007 Purchase Order was never completed by Defendant prior to its termination on December 31, 2007, or otherwise by Defendant's breach; and

(5) that given the failure of either condition precedent as set forth herein and the failure of the happening of either such event, the 2008 Purchase Order never became operative as a contract, and is void and of no effect, and the Plaintiffs have no further obligation or duty to Defendant under the purchase order.

B. Such other and further relief as the Court may deem necessary and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

A & G COAL CORPORATION and
MEG-LYNN LAND COMPANY, INC.


By_____/s/ Francis H. Casola_____
                    Of Counsel


Francis H. Casola (VSB #29108)
WOODS ROGERS, P.L.C.
Wachovia Tower, Suite 1400
10 South Jefferson Street
P. O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile:  (540) 983-7711

        Counsel for Plaintiffs A & G Coal Corporation and
Meg-Lynn Land Company, Inc.


Elsey A. Harris, III (VSB #19772)
MULLINS, HARRIS & JESSEE
30 Seventh Street
P.O. Box 1200
Norton, Virginia  24273-0912
Tel (276) 679-3110
Fax (276) 679-3113

        Counsel for Plaintiffs A & G Coal Corporation and
Meg-Lynn Land Company, Inc.